IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOSHUA CLIFTON JOHNSON,                )
                                       )
        Petitioner,                    )
                                       )
                                       )         CIV-12-1353-M
v.                                     )
                                       )
EDWARD EVANS, Interim Director,[1]     )
                                       )
        Respondent.                    )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing with counsel, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and supporting brief. Petitioner is challenging his conviction of Robbery in the First Degree after two or more previous felony convictions entered in the District Court of Stephens County, Case No. CF-2009-190, following a jury trial. Respondent has responded to the Petition and filed the relevant state court records, including transcripts of Petitioner's trial (hereinafter "TR__") and state court

---

[1]Although at the time he filed his Petition Petitioner indicated that he was confined at the Oklahoma State Reformatory, according to the public records of the Oklahoma Department of Corrections Petitioner is presently confined at the Cimarron Correctional Facility, a private prison. Therefore, Oklahoma Department of Corrections Interim Director Edward Evans is substituted as the proper Respondent in this action having custody of Petitioner. Rule 2, Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d)(1); http://www.ok.gov/doc/About_Us/Director's_Office/index.html; http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=470898&offender_book_id=274768.

record (hereinafter "Record __"). Petitioner has filed a reply. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

I. Background

In an information filed in the District Court of Stephens County, Oklahoma, on July 1, 2009, Petitioner was charged with the offense of Robbery by Force or Fear. Record 1. In a supplemental information Petitioner was charged with having committed the offense after two prior felony convictions. Record 2. Petitioner was charged in an amended information filed in October 2009 with the offense of Robbery in the First Degree. Record 8. Petitioner retained private counsel and was bound over for trial following a preliminary hearing.

In a jury trial conducted on April 22-23, 2010, Petitioner was found guilty of the robbery offense. During the trial, Petitioner testified and admitted that he was addicted to "pills" and that he entered a Walgreens pharmacy on June 28, 2009, seeking prescription narcotic pain medication. Petitioner testified he spoke to the pharmacist on duty that evening and demanded that she give him all of the Lortab® narcotic pain medication in the store "and no one will get hurt." TR 341. After she handed him two bottles of the medication, Petitioner testified he told the pharmacist not to tell anyone until he left the building. TR 342.

A videotape of the robbery was played for the jury as well as a videotape of an interview conducted with Petitioner after he was taken into custody. TR 302-303, 313. A law enforcement officer testified that during the custodial interview Petitioner admitted entering the pharmacy, demanding the medication, and taking two 500-count bottles of Lortab®

2

medication from the pharmacist. TR 306-307. The officer testified that Petitioner admitted the medication bottles could be found hidden in a boat at his residence and further testified that two bottles of Lortab® or hydrocodone medication were seized in the location previously described by Petitioner. TR 307-309. Petitioner was sentenced on June 15, 2010, to a 20-year term of imprisonment consistent with the jury's sentencing recommendation.

Petitioner appealed the conviction with different counsel, asserting that (1) the evidence was insufficient to support the conviction; (2) Petitioner was denied his Sixth amendment right to effective assistance of trial counsel; (3) the trial court erred in instructing the jury only on the lesser included offense of second degree robbery and not on the lesser related offenses of larceny and grand larceny in the nighttime; (4) the trial court erred and abused its discretion in limiting the testimony of defense witnesses concerning Petitioner's personal drug-related history; and (5) the cumulative effect of the errors deprived him of a fair trial. Response, Ex. 1. The State opposed each of these arguments. Response, Ex. 2.

In a summary opinion issued in September 2011, the Oklahoma Court of Criminal Appeals ("OCCA") rejected each of these claims. Response, Ex. 3. Petitioner now seeks federal habeas relief concerning his conviction and sentence.

Petitioner asserts in ground one that the evidence was not sufficient to support the conviction because the element of "fear" was not proved. In ground two, Petitioner asserts that he was denied effective assistance of counsel due to his trial counsel's failure to object to a motion in limine submitted by the State to prevent impeachment of the State's witness, Ms. Underdown, with evidence of a pending criminal charge. In ground three, Petitioner

3

contends the trial court erred in failing to instruct on the lesser included offense of larceny. In the fourth and final ground for habeas relief, Petitioner contends that the cumulative effect of the multiple trial errors warrants habeas relief.

I1. Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard for reviewing Petitioner's habeas claims. Under the AEDPA, a federal court cannot grant habeas relief unless the (1) state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The AEDPA directs courts to "ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)).

A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Id. at 405-406, 413. A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003). Under this

4

deferential standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Renico v. Lett, 559 U.S. 766, 773 (2010)(internal quotations and citation omitted).

"[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004)(*per curiam*)(citations omitted). See Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388 (2011)(federal habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

III. Separation-of-Powers Challenge to AEDPA's Deferential Standard of Review

Although not mentioned in his Petition, in his supporting brief Petitioner "objects to the 'deference' mandated by the AEDPA because it violates the separation of powers doctrine." Petitioner's Supporting Brief, at 9 (ECF page 14). As support for this argument, Petitioner relies on a dissenting opinion entered in Crater v. Galaza, 508 F.3d 1261 (9th Cir. 2007), and other dissenting opinions entered in two other circuit courts.

Petitioner's argument is meritless. The Supreme Court has repeatedly found that 28 U.S.C. § 2254(d)(1) requires that federal courts apply substantial deference to state court decisions applying federal law. See, e.g., Burt v. Titlow, 134 S.Ct. 10, 13 (2013)(finding Sixth Circuit failed to apply "doubly deferential standard" established in AEDPA and Strickland v. Washington, 466 U.S. 668 (1984), in reviewing habeas petitioner's ineffective assistance claim); Nevada v. Jackson, 133 S.Ct. 1990, 1992 (2013)(applying § 2254(d)(1)'s

5

"deferential standard" and concluding that Nevada Supreme Court's decision to deny habeas relief was reasonable); Johnson v. Williams, 133 S.Ct. 1088, 1098 (2013)(noting § 2254(d)'s "contrary to" provision "requires deference unless a state court fails to follow *Supreme Court* precedent"); Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011)(recognizing AEDPA's standard of review is "a 'difficult to meet' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'")(quoting Harrington v. Richter, 562 U.S. __, __, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)); Felkner v. Jackson, 562 U.S. __, __, 131 S.Ct. 1305, 1307 (2011)(*per curiam*)(stating AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt").

With respect to a similar separation-of-powers argument raised by a habeas petitioner on appeal, the Tenth Circuit in Ulrey v. Zavaras, 483 Fed.Appx. 536 (10th Cir. 2012)(unpublished op.), refused to address the merits of the argument because it had not been asserted in the petitioner's habeas application before the district court. Nevertheless, the Tenth Circuit stated that even if it were to undertake a "plain error" review of the claim "we hardly think it 'plain' that AEDPA is constitutionally infirm. The statute is applied daily by federal courts across the country; it is routinely applied by the Supreme Court; and no court has yet held it unconstitutional. . . . And we have specifically rejected the claim, albeit in a nonprecedential decision, that AEDPA violates the separation of powers." Id. at 543 n. 4 (citing Bonomelli v. Dinwiddie, 399 Fed.Appx. 384, 387 (10th Cir. 2010)(unpublished op.)).

"Under plain-error review," the court stated that it "would reject Mr. Ulrey's claim." Id.

As the Tenth Circuit recognized in another unpublished decision, Olona v. Williams, 13 Fed.Appx. 745, 747 (10th Cir. 2001)(unpublished op.), the argument "that AEDPA somehow violates Article III has been foreclosed by the Supreme Court's opinion in Williams v. Taylor, 529 U.S. 362, 378-79, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). There the [Supreme C]ourt roundly rejected an interpretation of AEDPA that would 'alter the underlying grant of jurisdiction in § 2254(a). . . . A construction of AEDPA that would require the federal courts to cede this authority to the courts of the States would be inconsistent with the practice that federal judges have traditionally followed in discharging their duties under Article III of the Constitution.'" This Court, likewise, should reject Petitioner's challenge to the constitutionality of the AEDPA on separation-of-powers grounds as it is meritless.

IV. Sufficiency of the Evidence

In Oklahoma, robbery is defined as "a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Okla. Stat. tit. 21, § 791. "To constitute robbery, the force or fear must be employed either to obtain or retain possession of the property, or to prevent or overcome resistance to the taking. If employed merely as a means of escape, it does not constitute robbery." Okla. Stat. tit. 21, § 792. It is first degree robbery if the offender either "inflicts serious bodily injury upon the person" during the robbery, "threatens a person with immediate serious bodily injury," "intentionally puts a person in fear of

immediate serious bodily injury," or "commits or threatens to commit a felony upon the person." Okla. Stat. tit. 21, § 797. When a robbery is accomplished "in any other manner, it is robbery in the second degree." Id.

Citing Jackson v. Virginia, 443 U.S. 307 (1979), Petitioner contends that he is entitled to habeas relief because insufficient evidence of the element of "fear" was presented to the jury during his trial to support the first degree robbery conviction. Judicial review of Petitioner's habeas challenge to the sufficiency of the evidence presented at trial "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." Herrera v. Collins, 506 U.S. 390, 402 (1993). For habeas review, the "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319; see Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996)(quoting Jackson).

The Supreme Court has "made clear that Jackson claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." Coleman v. Johnson, __ U.S. __, 132 S.Ct. 2060, 2062 (2012). First, "it is the responsibility of the jury - not the court - to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Cavazos v. Smith, 565 U.S. 1, __, 132 S.Ct. 2, 4 (2011)(*per curiam*). Second, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the

8

federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Id. (quoting Renico v. Lett, 559 U.S. 766 __, 130 S.Ct. 1855, 1862 (2010)).

Petitioner asserted the same insufficiency claim in his direct appeal and argued that his demeanor and absence of a weapon during the offense could not have caused the pharmacist, Ms. Richards, to perceive any fear or threat of injury or harm. Further, Petitioner asserted that the only words he used that might have been construed as threatening "were said as a means of escape," which under Oklahoma law is not sufficient to establish robbery. Response, Ex. 1, at 11-12. The State argued in response that sufficient evidence was presented during the trial to establish the element of fear.

In its decision, the OCCA rejected Petitioner's claim and made extensive factual findings with respect to each of the required elements of the first degree robbery offense:

> The State must first show that Johnson wrongfully took and carried away personal property of another from the person. 21 O.S.2001, § 791. The State must further show that Johnson threatened the victim with immediate, serious bodily injury, intentionally put her in fear of such injury, or threatened to commit a felony upon her. 21 O.S.2001, § 797. Fear must be employed to get, retain, or overcome resistance to taking the property; fear employed merely as a means of escape does not constitute robbery. 21 O.S.2001, § 792. Fear may be either one of unlawful injury, immediate or future, to the person robbed, or to anyone in that person's company at the time of the robbery. 21 O.S.2001, § 794. Johnson admitted he told the victim to give him the Lortab and no one would get hurt. Johnson also agreed, on cross-examination, to the prosecutor's statement that the victim was "the one that you scared" in order to get drugs. The victim testified Johnson told her to give him all the Lortab or he would hurt her; she testified that before he left, Johnson also

9

> said not to do anything until he left or he would kill her and her colleague. The victim testified that she was very afraid from the point Johnson demanded the drugs because, although she could not see a weapon, she thought he might shoot her, hurt her or jump the counter; the only reason she gave Johnson the Lortab was her fear of him. After the robbery, the victim began to cry and was scared to go into the front of the store until she was sure Johnson was gone. Another witness testified that the victim was frightened while Johnson was at the counter and when he left the store. Taking the evidence in the light most favorable to the State, any rational trier of fact could find beyond a reasonable doubt that Johnson committed first degree robbery. *Easlick v. State*, 2004 OK CR 21, ¶ 15, 90 P.3d 556, 559.

Response, Ex. 3, at 2-3.

Petitioner argues that the OCCA's resolution of the Jackson claim was objectively unreasonable and relies on a Sixth Circuit Court of Appeals decision, United States v. Wooten, 689 F.3d 570 (6th Cir. 2012), to support his argument. The Wooten case, however, involved a federal criminal proceeding and the issue of whether a sentencing enhancement imposed by the district court for making a threat of death was proper under the de novo review standard applicable to such federal district court decisions. Wooten provides no support for Petitioner's argument in light of the deferential standard that must be applied to the OCCA's decision in this federal habeas proceeding.

Although Petitioner asks the Court to consider other evidence in the trial record that he deems more beneficial to his insufficiency argument, Petitioner has not provided clear and convincing evidence sufficient to overcome the presumption of correctness attached to the factual findings made by the OCCA. 28 U.S.C. § 2254(e)(1). Rather, Petitioner has misconstrued pertinent evidence presented at the trial. Petitioner asserts without benefit of

10

reference to the trial transcript that a witness for the prosecution, Ms. Underdown, testified Petitioner was non-threatening and she was not afraid of him, thus supporting Petitioner's claim that the element of "fear" was not shown during the trial. Ms. Underdown, a pharmacy intern, testified that she was present in the pharmacy but never spoke directly to Petitioner and overheard only part of the conversation between Petitioner and Ms. Richards. TR 242, 246, 258. The main prosecution witness, Ms. Richards, was the pharmacist on duty at the time of the robbery. It was her testimony, not Ms. Underdown's, that was critical with respect to the elements of the offense as she was the individual who interacted with Petitioner during the robbery.

Ms. Underdown testified she did not hear the initial conversation between Petitioner and Ms. Richards other than Petitioner's statements that he wanted Ms. Richards to "[j]ust give me two bottles" and "[j]ust the 10s," a reference to the particular dosage of the Lortab® medication Petitioner demanded. TR 246, 259. Ms. Underdown testified that Petitioner appeared nervous. TR 245, 261. Ms. Underdown testified that Ms. Richards was "shaking" as she carried medication bottles back to the counter, that she was "shaking still" when she dropped a couple of medication bottles on the counter in front of Petitioner, and that Ms. Richards appeared "scared" and "[f]rightened." TR 246-247. This testimony was consistent with Ms. Richards' testimony concerning her emotional state at the time of the offense.

Ms. Underdown also testified that after Petitioner walked away from the pharmacy counter Ms. Richards "turned around, started coming towards me and shaking still [and] [s]tarted crying" and "grabbed the panic button" to alert the police. TR 248-249. Ms.

Underdown further testified that she herself was "kind of in shock" because she "didn't quite understand until [Ms. Richards] grabbed me, and you know, as she was shaking and crying she said, 'We got robbed,' . . . ." (TR 248). She testified that Ms. Richards "wanted to get out of sight" and so they went into the pharmacy's stock room, completely out of the pharmacy area. (TR 248).

Contrary to Petitioner's suggestion, there was no "dissonance" between the testimony of Ms. Richards and Ms. Underdown concerning the facts surrounding the robbery. Granted, the evidence showed Petitioner did not present a weapon or act aggressively during the robbery. However, considering the presumptively-correct factual findings made by the OCCA, there was more than sufficient evidence presented at the trial to show that Petitioner intentionally put Ms. Richards in fear of serious bodily injury when he demanded that she give him "all your Lortab and no one will get hurt." TR 341.

In light of Ms. Richards' testimony concerning Petitioner's actions and her emotional state during the robbery, Petitioner's testimony, and the other evidence presented at the trial, including Ms. Richards' statements to police immediately following the robbery and Petitioner's own custodial admissions following his arrest, the OCCA did not unreasonably apply the Jackson standard in determining that a jury could have found all of the elements of the first degree robbery offense beyond a reasonable doubt.[2] Petitioner is not entitled to

---

[2] In his Reply Brief, Petitioner posits inaccurately that "[h]e just told [Ms. Richards] that he would need all of the Lortab." Reply Brief, at 5. This statement is not consistent with both Petitioner's own trial testimony concerning his statements to Ms. Richards during the robbery offense and his statement to the investigating law enforcement officer following his arrest. TR 306,

12

habeas relief concerning this claim.

## V. Ineffective Assistance of Counsel

Petitioner contends in his second ground of relief that he was denied effective assistance of trial counsel when his attorney failed to object to a motion in limine concerning prosecution witness Ms. Underdown's pending criminal charge. In rejecting this claim in his direct appeal, the OCCA concluded that Petitioner was not denied effective assistance of counsel under the standard for such claims established in Strickland v. Washington, 466 U.S. 668 (1984). The OCCA made extensive factual findings to support its conclusion that Petitioner was not prejudiced by his trial counsel's failure to object to the State's motion in limine to prevent questioning concerning Ms. Underdown's pending criminal charge.

The OCCA found that

> [b]efore trial began the State filed a motion in limine asking that [Petitioner] be prohibited from cross-examining a witness about criminal charges pending against her. Defense counsel did not object, and the trial court sustained the motion. Arrests may not be used to impeach a witness's credibility, and pending charges are not the same as convictions. However, a witness may be cross-examined about anything tending to show bias or prejudice. . . . Thus, a pending criminal charge may be admissible if it goes to a witness's bias. . . . The record does not support any finding that Underdown's pending case caused her to be biased in any way against [Petitioner]. The record also fails to support any claim that the witness received any benefit from her testimony. As [Petitioner] cannot show prejudice from counsel's failure to object to the State's motion in limine, counsel is not ineffective.

---

341.

13

Response, Ex. 3, at 3-4.

Petitioner contends that the OCCA's decision was not a reasonable application of Strickland. Petitioner suggests that his attorney should have objected to the motion in limine in order to show Ms. Underdown's bias, but Petitioner only speculates in his Reply Brief that Ms. Underdown would have been biased in favor of the prosecution because "the same prosecutorial staff that took Johnson to trial was also prosecuting her." Reply Brief, at 9. Further, as the OCCA found, nothing in the pending criminal charge indicated Ms. Underdown was biased against Petitioner, and the record did not show that she received any benefit from her testimony with respect to her pending charge. Petitioner has not shown that the OCCA's decision was contrary to or unreasonably applied the Strickland standard.

## VI. Instructions on Lesser Included Offenses

Petitioner contends that the trial court erred in failing to instruct the jury on the lesser included offenses of larceny and larceny at night. In a footnote the OCCA found that Petitioner's defense attorney had requested only an instruction on grand larceny in the nighttime and "[t]he record is clear that counsel intended only to request an instruction on larceny in the nighttime, not on grand larceny as well." Response, Ex. 3, at 4 n. 1. Nevertheless, the OCCA addressed the challenge to the failure to give a larceny or a larceny in the nighttime instruction and set forth the elements of a larceny offense in Oklahoma, which requires the taking of personal property by fraud or stealth. Id. at 4. The OCCA found that "[t]he trial court correctly concluded that evidence did not support instruction on any form of larceny. Neither fraud nor stealth was involved; Johnson openly approached Richards

14

and demanded the drugs. The trial court did not abuse its discretion in refusing this instruction." Id.

The Supreme Court has not recognized a federal constitutional right to a lesser included offense instruction in a non-capital case, and this circuit follows an "automatic non-reviewability" rule "for claims based on a state court's failure in a non-capital case, to give a lesser included offense instruction." Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). See Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir. 1993)(internal quotations omitted), cert. denied, 510 U.S. 1120 (1994)("A petitioner in a non-capital case is not entitled to habeas relief for the failure to give a lesser-included offense instruction, even if in [the court's] view there was sufficient evidence to warrant the giving of an instruction on a lesser included offense."). Consequently, Petitioner has not stated a cognizable habeas claim regarding the failure of the trial court to give lesser included offense instructions at his trial.

VII. Cumulative Errors

Lastly, Petitioner contends that cumulative errors at his trial warrant federal habeas relief. In one instance, the Supreme Court has vacated the decision of a circuit court on the basis, in part, that "the lower courts erred in failing to assess the cumulative effect of [unlawfully] suppressed evidence with respect to [a defendant's] capital sentence." Cone v. Bell, 556 U.S. 449, 476 (2009). Whether a cumulative error analysis is clearly established federal law remains "an open issue in this circuit," however. Hooks v. Workman, 689 F.3d 1148, 1194 n. 24 (10th Cir. 2012).

The Tenth Circuit Court of Appeals has recognized that "[i]n the federal habeas

context, a cumulative-error analysis aggregates all constitutional errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." Alverson v. Workman, 595 F.3d 1142, 1162 (10th Cir. 2010)(internal quotation marks and brackets omitted). See Hooks v. Workman, 689 F.3d 1148, 1194 n. 24 (10th Cir. 2012)(recognizing the court has "long conducted cumulative-error analyses in [its] review of federal habeas claims").

In this case, no constitutional errors have been found. "In the federal habeas context, the only otherwise harmless errors that can be aggregated are federal constitutional errors, and such errors will suffice to permit relief under cumulative error doctrine 'only when the constitutional errors committed in the state court trial so fatally infected the trial that they violated the trial's fundamental fairness.'" Littlejohn v. Trammell, 704 F.3d 817, 868 (10th Cir. 2013)(quoting Young v. Sirmons, 551 F.3d 942, 972 (10th Cir. 2008)). "The crux [of cumulative error] review is whether the defendant's substantial rights were affected." Willingham v. Mullin, 296 F.3d 917, 935 (10th Cir. 2002)(internal quotations and citation omitted).

The OCCA found "no error" and thus "no accumulation of error" occurred with respect to Petitioner's conviction and sentence. Response, Ex. 3, at 5. The OCCA rejected each of Petitioner's claims of constitutional trial error on their merits. The undersigned has concluded that the OCCA's resolution of Petitioner's claims is reasonable under federal law. The Tenth Circuit Court of Appeals has cautioned that the cumulative error doctrine "does not apply . . . to the cumulative effect of non-errors." Hooks v. Workman, 689 F.3d at 1194

(quotations and citation omitted). Petitioner has not demonstrated that the OCCA's rejection of this claim was contrary to or an unreasonable application of prevailing Supreme Court precedent, and he is not entitled to federal habeas relief.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___February 3rd___, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___13th___ day of ___January___, 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE